WILLIAM F. BALDWIN *et al.*

*v.*

MICHAEL SMITH.

1. LICENSE—*to keep dram shop subject to ordinances of town granting.* Although there may be no condition in a license to keep a dram shop granted by a town, nor any reference to any ordinances of the town, yet such license will be held to have been granted subject to such ordinances of the town as had a legal existence at the time it was granted, and such as were within the competency of the town authorities to enact.

2.   SAME—*power to revoke does not authorize depriving licensee of use of his property by force.*   Where an ordinance of a town provides that in certain cases the town council may revoke license granted by them to keep dram shops, and it shall be the duty of the town constable to immediately close up the grocery of the licensee, the town authorities have no power to oust the keeper of the dram shop from his premises by force, take and hold possession of the same, and thus deprive him of the use of his property.

3.   DRAM SHOPS—*can not be closed by force.*   Any ordinance or law which authorizes the authorities of a town to close a saloon or grocery by force, without having it first judicially declared a nuisance, and ordered to be abated, is unconstitutional.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding

Messrs. CREBS & CONGER, and Mr. JAMES MCCARTNEY, for the appellants.

Messrs. BELL & GREEN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was trespass with force and arms, brought to the White circuit court by Michael Smith, plaintiff, and against the town of Grayville and William F. Baldwin, the president, and Benjamin Batson and others, members of the town council, and Isaac H. Hamilton, constable of the town of Grayville, defendants.

The defendants pleaded the general issue, and several special pleas, to which latter demurrers were sustained, and the cause tried upon the general issue.   The jury found for the plaintiff, assessing his damages at two hundred and twenty dollars, whereupon a motion for a new trial was made by the defendants.   Thereupon, the plaintiff remitted seventy dollars, and judgment was rendered for one hundred and fifty dollars, to reverse which the defendants, except W. Wirt Gray and Henry Butler, appeal, and assign various errors.

It is unnecessary to consider all the errors assigned, or go into a critical examination of the special pleas adjudged bad, as the whole controversy is confined within a narrow compass.

It appears the plaintiff had been duly licensed, by the proper

authorities of the town of Grayville, to retail spirituous liquors —in other words, to keep a dram shop—for which he had paid two hundred dollars into the town treasury, and had "complied with the laws and ordinances."

There is no condition in the license, and no reference to any ordinance of the town, authorizing its revocation for cause, yet it must be held to have been granted subject to such ordinances of the town as had a legal existence at the time the same was granted, and such as were within the competency of the town authorities to enact.

An ordinance of the town, entitled "License; Groceries," is set up in one or more of the special pleas, on three sections of which, namely: sections two, three and four, the defense is based.

Section two provides for the execution of a bond by the applicant for a license, conditioned that he will keep an orderly house, and observe the conditions contained in section three, which provides that license should be granted only on the express condition that the applicant should keep an orderly house, permit no gaming or playing with cards, and should not sell, give, or otherwise dispose of to any minor under sixteen years of age, liquor of any kind. And by section four, on which section the controversy turns, it is provided, that the town council, being satisfied, upon complaint or otherwise, that the third section, or any clause thereof, has been violated, shall, in addition to the forfeiture and collection of the bond, revoke the license of such offender or offenders; and it shall be the duty of the town constable to immediately close up the grocery of such offender or offenders.

The town council, it would appear, having become satisfied, "by complaint or otherwise," that the third section of the ordinance, or some part thereof, had been violated by the licensee, entered into an investigation of the matter, having the plaintiff before them, who was examined as a witness, and they found him guilty, revoked his license, and ordered the town constable to close the saloon, which he did by turning

out the clerk then in possession, locking the doors and taking the key, thus assuming control over the premises.

Now, the only question is, had the town council, under this section of the ordinance, the power to do the acts, by and through the town constable, they admit, by their pleas, they did do?

We are satisfied they had no such power. Admitting they could revoke the license, and did revoke it, there their power ended. They had no right, *manu forti*, to oust the owner from the premises, and thus deprive him of the use and control of his property, nor was there any necessity for so acting. The revocation of the license was, virtually, closing the doors of the saloon as to the traffic in liquors. Should the keeper of the saloon, after the revocation, continue to sell liquor as under the license, he would be subject to indictment and punishment under the law.

The town council had no more power to authorize the town constable to do the act which he admits he did do, than to authorize him to imprison the supposed offender, at his discretion. The investigation by the town council amounts to nothing, as that was not a judicial tribunal, empowered to make such investigations, and condemn and punish. Such proceedings as we find in this record are violative of the elementary principles of our constitution and laws, which give to any man the right of trial by a jury, and in a court of competent jurisdiction. His guilt can not be inquired into by a town council, and their decree enforced by a town constable, with impunity. The party charged with a violation of the ordinance had a right to be heard in court, and to receive its judgment.

The defense being based on this section of the ordinance, and that being invalid, the demurrers to the pleas setting that up as a defense were properly sustained.

This opinion proceeds upon the ground that the charter of the town of Grayville conferred authority to pass the ordinance in question. The charter is not before us for examination, but, admitting the power, so much of it as empowered the

authorities to close the saloon by force must be held invalid, for the reasons given. Authority to revoke a license to sell liquor, does, on being executed, to all intents and purposes, close the saloon as to that traffic, but confers no authority to deprive a man, summarily, of his property or of its use.

We are satisfied, no defense to this action was set up in any of the special pleas interposed by any of these parties. The saloon should be adjudged a nuisance, before it could be abated. There must first be legal proceedings. *Earp* v. *Lee et al.* 71 Ill. 193.

As to the motion for a new trial, based upon the affidavits of two of the jurors, the case of *Smith* v. *Eames*, 3 Scam. 76–81, is decisive on this point.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*