## SCHOELKOPF V. LEONARD.

1.  A demurrer on the ground of misjoinder of causes of action is waived by pleading over.
2.  When the cause of action rests upon the bad faith of an agent, and the agency is denied, the existence of such agency is a question of fact for the jury.
3.  If a false representation is made in the sale of property in respect to a matter concerning which the purchaser is under no legal duty to the owner for the correctness of his declaration, and upon which the latter would be incautious to rely, such representation cannot form the basis of an action.

*Appeal from District Court of San Juan County.*

THE facts are stated in the opinion.

Messrs. CHARLES and DILLON, for appellant.

Messrs. JOHN G. TAYLOR and L. C. ROCKWELL, for appellee.

HELM, J. The ground of defendant's demurrer relied upon is that two causes of action were improperly inserted in the complaint; the objection is not well taken, but if it were, defendant waived the error by pleading over.

The complaint is perhaps a little inartificial, but the intent of the pleader is sufficiently expressed. Plaintiff avers that defendant became his agent for the purpose of negotiating the sale of a certain mine or interest therein; that while acting in such fiduciary capacity, defendant, by misrepresentation and deceit, procured plaintiff's consent to accept $2,000 less for the property than the price first agreed upon, which sum defendant actually received, but wrongfully and fraudulently converted to his own use.

The action is brought to recover this $2,000 with interest from the date of the conversion.

The agency, and the bad faith of defendant, are denied, and squarely put in issue by the answer. Upon both questions the evidence is conflicting; had the jury found either way upon that of agency, we might not feel warranted in disturbing their finding.

But as we view the case, it was necessary for the jury to determine this question. The recovery by plaintiff can only be sustained, under the pleadings, upon the theory that the agency averred, actually existed. It was, therefore, necessary that the instructions properly submit this issue to the jury. This they failed to do; two only were given, and the one under which the verdict must have been found reads as follows:

"If the jury believe, from the evidence, the plaintiff was originally to receive $18,000 for the property conveyed, and subsequently took the lesser sum of $16,000, in consequence of the misrepresentations of the defendant, and by reason of such misrepresentations the defendant obtained an advantage of the plaintiff, and did, in fact, obtain $20,000 for the property conveyed by the

plaintiff to him, you will find for the plaintiff in the sum of $2,000, with interest at the rate of ten per cent. per annum, from the date of the transaction, in October, 1879."

It is not necessary, under this instruction, for the jury to determine whether or not the relation of agency existed between the parties; upon finding that defendant made the misrepresentations, and that, by reason thereof, plaintiff took the lesser sum mentioned, and defendant thus obtained an advantage, they could return a verdict for plaintiff. The fixing of the escrow price at $18,000 is not controverted.

But counsel, in one part of their argument, discuss the subject as though the parties were dealing as strangers, and a contract of purchase existed between them. On behalf of plaintiff it is asserted that, "whether defendant acted as the friend and agent,  *  *  *  or as an independent purchaser at arm's length with plaintiff," the recovery ought to be sustained; that "an absolute, perfect and complete contract of bargain and sale, with reference to plaintiff's interest, had been made and concluded between them;" and that the same was, "in fact and in law, a good, valid and subsisting contract, interchangeably binding upon them." These propositions counsel for defendant dispute.

We deem it unnecessary to determine this particular controversy upon the evidence; the cause of action averred is grounded upon the relation of principal and agent; no such contract as this is pleaded in the complaint. But if it were, the denials in the answer are sufficient to put it in issue; there are proofs upon both sides of the issue thus made; and the instruction under consideration is no less defective; it nowhere calls upon the jury to find whether or not such a contract existed.

If defendant was purchasing this property himself, though perhaps with a view to an immediate resale thereof to other parties, and if the arrangement by which

he was to pay $18,000 therefor was entirely optional, so that without legal liability he might or might not, as he saw fit, consummate the transaction, it was his privilege to repudiate the price mentioned, and secure the property at a lower figure; provided, of course, that in so doing he perpetrated no such fraud as would, under the authorities, render him liable to an action. It is not every untruthful statement or false representation that will amount to such fraud. "If the false statement is made in respect to a matter concerning which the purchaser is under no legal duty to the owner for the correctness of his declaration, and upon which the latter would be incautious to rely, it is regarded as *gratis dictum;* and cannot form the basis of an action. Thus it has been held that a buyer is not " liable for misrepresenting a seller's chance of sale or probability of his getting a better price; " or for falsely stating that his partners would not consent to his giving more than a certain sum. Kerr on Fraud and Mistake, 87, citing *Vernon v. Keys,* 12 East, 637.

The alleged false representation in this case consists in the declaration that only $16,000 would be paid for the property; regarding defendant as the purchaser, and assuming that no contract exists binding him to the payment of a larger price, he could not be held answerable in law for this representation, though it were wholly untrue.

Yet, under the instruction before us, a recovery could be had upon precisely this state of facts. The judgment must therefore be reversed.

The jury found for plaintiff " for the sum of two thousand ($2,000) dollars, and interest at the rate of ten per cent. per annum, from October 14, 1879." Appellant questions the form of this verdict. It is undoubtedly the better practice to require the amount of the interest, when interest is recoverable, to be computed and expressed in the verdict, either separately or as a part of the aggregate sum awarded. But such verdicts as this

have been repeatedly held good.   As to the total amount of damages given it is sufficiently certain; the interest can be determined from what appears in the verdict itself, simply by computation.   See Proffatt on Jury Trial, secs. 415, 416, and cases cited.

The judgment is reversed and the cause remanded for a new trial.

*Reversed.*