[Nos. 3714, 3715.]

THE SAMS AUTOMATIC CAR COUPLER CO. v. LEAGUE.

WOODWARD ET AL. v. LEAGUE.

1. JURISDICTION—AMENDMENT.

When a county court is without jurisdiction of the subject-matter the defect cannot be cured by amendment. The only order the court has authority to enter is one of dismissal.

2. PLEADING—JURISDICTION OF COUNTY COURT.

On demurrer to complaint in county court on the ground that the amount sued for is in excess of the jurisdictional limit of county courts, the body of the complaint must be looked to to determine the amount in controversy and not the *ad damnum* clause. If the allegations of the complaint show that the amount that can be recovered is within the jurisdiction of the court, the fact that plaintiff's damage is alleged in a greater amount will not defeat the jurisdiction.

3. PLEADING AND PRACTICE—DEMURRER—MISJOINDER—WAIVER.

An objection to the overruling of a demurrer for misjoinder of parties or of causes of action is waived by pleading over and going to trial on the merits. The question of misjoinder of parties or causes of

action cannot be raised in an answer if the objection appears on the face of the complaint.

4. INSTRUCTIONS—ORAL—OBJECTION WAIVED.

Where the record shows no exception taken to the giving of an oral instruction, it will be assumed by the appellate court that no such exception was taken and that the error was waived by consent or acquiescence.

5. INSTRUCTIONS—IMMATERIAL ERROR.

In an action against an employer and his guarantors for damages, for a wrongful discharge, where the damage was the amount of salary plaintiff would have received under the contract, an expression in the instructions that the individual defendants guaranteed the "contract" instead of its performance by the employer, amounts at most to a mere verbal inaccuracy that could not have misled the jury.

6. SAME.

In an action against an employer for damages for wrongfully discharging plaintiff an instruction to the effect that the burden of proof was on defendant to "satisfy" the jury that the plaintiff was guilty of some one or more of the acts assigned in the answer as reasons for his discharge, was not erroneous, where the word "satisfy" was so used as to clearly indicate to the jury that it was used as synonymous with "believe."

7. EMPLOYER AND EMPLOYEE—DISCHARGE—JUSTIFICATION.

In an action against an employer for wrongfully discharging an employee, if the defendant sets up in his answer certain acts of the plaintiff as causes of justification, he will be limited in his proof to the causes alleged.

*Error to the County Court of Arapahoe County.*

John M. League, the defendant in error, brought this action against the Sams Automatic Car Coupler Company in the county court of Arapahoe county for an alleged breach of contract of employment, joining as defendants H. R. Woodward and Lou D. Sweet, as guarantors or sureties for the fulfillment of the contract on the part of the company. In addition to the usual jurisdictional averment that the amount involved did not exceed the sum of $2,000, the original complaint set forth two causes of action, in the first of which it is in substance averred that on June 21, 1893, plaintiff, at the instance of said defendants, entered into a certain agreement with the Sams Automatic Car Coupler Company, to act as its

general manager for the period of two years from and after the 1st day of July, 1893, at a salary of $250 per month; that H. R. Woodward and Lou D. Sweet, by a certain other agreement in writing with plaintiff, in consideration of his entering into the aforesaid agreement with the company and performing said service, guaranteed the payment to the plaintiff of his salary and compensation according to the terms of his agreement with the company; that afterwards, and on July 1, 1893, plaintiff entered into the service of the company pursuant to the terms of the agreement, and continued in such service until November 21, 1894, and during that time, in all things well and truly kept and performed his agreement with the company; that on that day the company, without his fault, discharged him; that $175 salary for the period from November 1 to November 21, 1894, remained unpaid, to the damage of plaintiff in the sum of $175.

The second cause of action contains the same averments as to the employment by the company and the guaranty of defendants Woodward and Sweet, the performance of the service by plaintiff from July 1, 1893, to November 21, 1894, his readiness and willingness to continue in the service of the company for the full term mentioned in the agreement; that said company wrongfully and unlawfully, and without any fault or violation of duty on his part, discharged him out of said employment, to the damage of plaintiff in the sum of $2,000; and concluded with a prayer for judgment in the sum of $2,000.

To this complaint demurrers were interposed by the company and the individual defendants, upon the ground that the county court had no jurisdiction of the subject-matter of the action for the reason that the amount sued for was in excess of the sum of $2,000, and for misjoinder of causes of action and of parties defendant. While these demurrers were pending, by leave of court the plaintiff amended his complaint by striking out of the second cause of action the words " to the damage of plaintiff in the sum of $2,000," and inserting in lieu thereof " to the damage of plaintiff in the

sum of $1,825." The demurrers were sustained upon all grounds therein contained except the ground alleging want of jurisdiction. As to this ground, the several demurrers were overruled.

An amended complaint was filed, to which the defendants again demurred upon the ground that the court was without jurisdiction of the subject-matter, and for misjoinder of parties defendant and causes of action. These demurrers were overruled, and thereupon the company filed its answer, averring the want of jurisdiction, and pleading to the merits. The defendants Woodward and Sweet also filed their answer, averring the want of jurisdiction, the misjoinder of causes of action and of parties defendant, and also pleading to the merits. Plaintiffs replied, traversing the allegations of the answers. The cause was tried to a jury; verdict rendered for plaintiff for the sum of $2,000; motion for new trial overruled, and judgment entered upon verdict. To this judgment the company prosecutes a writ of error, and Woodward and Sweet prosecute a separate writ of error. Both parties relying upon the same objections, this court ordered that both cases be argued and considered together. Numerous errors are assigned, but the grounds relied on for reversal may be summarized as follows: First, that the county court was without jurisdiction; second, that there was a misjoinder of parties defendant and causes of action; third, that the court erred in the admission and rejection of testimony; fourth, error in the giving and refusing of instructions.

Messrs. Wolcott & Vaile and Mr. W. W. Field of counsel, for plaintiffs in error.

Messrs. Wells, Taylor & Taylor, for defendant in error.

Mr. Justice Goddard delivered the opinion of the court.

The first question presented, as to the jurisdiction of the county court, must be determined by an inspection of the

original complaint. We agree with counsel for plaintiff in error that if, under the allegations of that complaint, the county court was without jurisdiction of the subject-matter, this defect could not be cured by amendment; as in that event, any order of the court except that of dismissal would be wholly void and ineffectual. But if, on the other hand, it appears from the face of the complaint itself that the amount sued for was within the jurisdiction of the county court, the amendment was permissible, although unnecessary, since the *ad damnum* clause, under our system of pleading, is entirely superfluous, and the amount of recovery is to be ascertained from the facts alleged in the body of the complaint. From an inspection of the complaint itself, it will be seen that even if the aggregate of the amounts recoverable on both causes of action is the criterion by which the jurisdiction of the county court is determined, the amount involved does not exceed the sum of $2,000.

Upon the facts alleged in the second cause of action, the measure of the plaintiff's damages would be the amount of salary that he would have received under his contract of employment from November 21, 1894, to July 1, 1895, a period of seven months and twenty days. At the rate of $250 per month this would amount to $1,825. There is no allegation that entitles him to any special damages; and in no event could his recovery upon this count exceed this sum, which, together with the unpaid salary claimed in the first cause of action, would amount to $2,000. It follows, therefore, that the county court had jurisdiction to try the cause.

The objection to the overruling of the demurrers for misjoinder of parties defendant and causes of action, is not available to the plaintiffs in error upon this review. By pleading over and going to trial upon the merits, they waived their right to question the correctness of this ruling. Nor was this result avoided by the attempt on the part of the individual defendants to raise the same question by answer. The objection, if it were one, appeared upon the face of the complaint, and could be taken advantage of only by demurrer.

Sec. 50, Code of Civil Procedure, 1887. And, furthermore, having been so presented, it was definitely determined in disposing of the demurrer. In Bliss on Code Pleading, sec. 417, the rule upon this subject is stated as follows : " If the demurrant wishes to take advantage of any supposed error in overruling the demurrer, he must let final judgment be entered upon it; for if he shall answer after such ruling, he waives any objection to the pleading, except for the two radical defects, and the question cannot be afterwards raised, either by answer or by objecting to testimony." Sec. 55, Code of Civil Procedure, 1887 ; *Green v. Taney*, 7 Colo. 278 ; *Schoelkopf v. Leonard*, 8 Colo. 159 ; *Webb v. Smith*, 6 Colo. 365 ; *Fillmore v. Wells*, 10 Colo. 228 ; *Tenant v. Pfister*, 45 Cal. 270 ; 6 Ency. of Pleading and Practice, page 363, and cases cited.

We deem it unnecessary to notice in detail the numerous specifications of error based upon the admission and rejection of testimony. We have given careful attention to the various suggestions of counsel, and while there may be some ground for criticism as to the order of its introduction, we think that under the issues the admission of the evidence complained of could not have prejudiced defendant, and that the error, if any, is not sufficient to justify reversal.

The first instruction consists of a statement of the case by the court orally. Upon this ground, and for the further reason that the court stated that in the second cause of action the plaintiff sued to recover the full amount of his salary, whereas it was for damages for an alleged wrongful and unlawful discharge ; and further stated that the contract entered into between the plaintiff and defendant was guaranteed by the other defendants, instead of stating that the guarantee was for the payment of such salary "as might become due and payable to him under said contract," it is contended that this instruction constitutes reversible error. If this statement may be regarded as an instruction which the statute requires to be in writing, suffice it to say that no exception to the giving of it orally appears of record. In preparing the record,

plaintiffs in error inserted, as one of the grounds of exception, that it was given orally. But this statement was stricken out by the court for the reason that no such exception was taken. On this record, it must be assumed that such an exception was not taken, and that the error was waived by consent or acquiescence.

As we have seen, the amount of damages was the salary plaintiff might have received under the contract, and the expression that the individual defendants guaranteed the "contract" instead of its performance by the company, amounts at most to a mere verbal inaccuracy, that could not have misled the jury.

The third instruction is challenged because the court told the jury that the burden of proof was upon the defendants to satisfy them, by a preponderance of testimony, that the plaintiff was guilty of some one or more of the acts assigned in the answer as reasons for his discharge. It is said that the error consists in using the word "satisfy," and in limiting the proof to the acts assigned in the answer as reasons for the discharge. Counsel concede that the judge used "satisfy" as synonymous with "believe," and we have no doubt that the jury understood it in that sense, and were not misled thereby.

The court was clearly correct in limiting the proof to the reasons alleged in the answer as the justification for the plaintiff's discharge. While it is true, as counsel have clearly demonstrated by an extended citation of authorities, that an employer, when he discharges his employee, is not bound to assign any cause for so doing, and further, that if he does state reasons or causes for the discharge, he is not estopped by, nor limited to, the causes so assigned, but may show in justification of the discharge the existence of any other sufficient cause, whether such cause was assigned at the time of the discharge or not, or was not known even to the employer at that time; yet it by no means follows that when sued for the wrongful discharge of an employee he sets forth in his an-

swer certain specific causes in justification of such discharge, that he is not limited in his proof to the causes so alleged.

We think this instruction, while subject to the verbal criticism mentioned, correctly announces the law, and is not in conflict with instruction No. 8, wherein counsel concede the law upon this subject is correctly stated.

We have carefully considered the objections urged against the other instructions given, and find them equally untenable; nor can we perceive wherein the court committed any error in refusing the instructions prayed for by defendants. We are of the opinion that the court correctly announced the law applicable to the facts of the case, and that no error is disclosed in the record that would justify a reversal. The judgment of the court below is accordingly affirmed.

*Affirmed.*