[No. 6135.]

THE CITY OF CANON CITY ET AL. v. MANNING ET AL.

1.  Appellate Practice—Demurrers—Grounds—Waiver.

A defendant who answers to the merits of the complaint after the overruling of his demurrer, challenging the capacity of plaintiffs to bring the action, thereby waives such question; for, if a demurrant wishes to take advantage of any supposed error in overruling a demurrer to a complaint, for matters appearing upon the face thereof and on the grounds allowable under our civil code, he must, excepting for want of facts or jurisdiction, allow final judgment to be entered.—P. 148.

2.  Injunction — Grounds — Restraining Enforcement of Penal Statute.

As a general rule, the judicial enforcement of a penal ordinance cannot be inhibited by a court of equity.—P. 149.

3.  Constitutional Law—Due Process of Law—Criminal Prosecutions—Seizure of Property.

Whether one has been guilty of such violation of the law as justifies the seizure of his property or the infliction of punishment, can only be determined by a court of competent jurisdiction, in which the accused is afforded an opportunity to be heard before judgment is pronounced against him.—P. 151.

4.  Injunction — Restraining Proceedings Under Penal Ordinances.

The ordinance of a city prohibited the sale or giving away of intoxicating liquors, declared that every place where intoxicating liquors were sold or dispensed should be a nuisance, and imposed fines for the violation thereof; and one of the ordinances authorized police officers to abate such nuisances by clos-

ing the place where intoxicating liquors were dispensed, and preventing any person from entering the same. Held, that such ordinances do not authorize the officers of the city to declare ex parte that a lodge maintaining a club for the social enjoyment of the members thereof, where liquors are dispensed to them and guests, each member paying for that consumed by himself and guest, violates such ordinances; nor can they close the club-rooms and prevent the members of the lodge from entering; and equity will restrain the officers from so doing, since the lodge has no adequate remedy at law.—P. 152.

5.   Equity—Grounds of Relief.

Where an action at law does not afford a plain, speedy, and adequate remedy whereby the whole mischief of which the party complains may be reached, and his rights both present and future be fully secured, he may invoke the aid of equity for his protection.—P. 152.

6.   Injunction — Enforcement of Ordinance — Statutory Construction.

Mills' Ann. Code, § 143, providing that no writ of injunction shall issue to restrain the enforcement of a penal ordinance, means only that no writ of injunction shall issue to restrain the judicial enforcement of such ordinance.—P. 153.

*Error to the District Court of Fremont County.*
*Hon. J. W. Sheafor, Judge.*

Action by Frank Manning, Frank McFarlane and Eugene A. Bradbury against the city of Canon City, Thomas B. Coulter and David J. Houston. From a judgment for plaintiffs, defendants bring error.                                  *Affirmed.*

Messrs. TAYLOR & SAYRE and Mr. H. L. RITTER, for plaintiffs in error.

Mr. CHAS. E. WALDO, Mr. CLYDE C. DAWSON, Mr. JAS. A. STUMP, Mr. A. L. JEFFERY, and Mr. E. H. STINEMEYER, for defendants in error.

Messrs. BONYNGE & RITTER, Mr. T. A. McHARG, Mr. ALBERT A. REED, Mr. FRANK C. WEST, Mr. GEO. H. VAN HORN, and Mr. GEO. A. CARLSON, *amici curiae.*

The Benevolent and Protective Order of Elks of the United States of America is a fraternal, social and benevolent society having many subordinate lodges, one of which is located at Canon City. This lodge is a voluntary society, not incorporated, and consists of upwards of three hundred and twenty-five members, and is supported by the fees and dues paid in by its membership. The rules of the order prescribe the qualifications for membership. Pursuant to the constitution and by-laws of the order, it maintains club rooms at Canon City for the social enjoyment of its members, where liquors are dispensed to them, each paying for that consumed by himself or his guests in a sum fixed by the board of control. The membership of the club is limited to members of the organization in good standing. None but members of the order or their guests are admitted to the club, and no person not a member of the order who is a resident of Canon City, or the immediate vicinity, can be admitted. Guests, except members of the order, are not permitted to spend any money in the club. The club has quite an elaborate set of rules for the government of its members and the management of its affairs, and is part, and under the control, of the Canon City lodge of the order. It is not incorporated, and its affairs are managed by a board of control appointed in accordance with the rules of the order and the rules and regulations of the club. The club is conducted in an orderly manner, and no conduct calculated to disturb the peace is permitted. Billiard and card tables are maintained for the use of the members and guests. The rooms are supplied with magazines and other reading matter.

Canon City has ordinances prohibiting the sale or giving away of intoxicating liquors within its corporate limits by any person except regularly licensed druggists, duly licensed to sell liquors for medicinal,

mechanical and chemical purposes.   One of these
ordinances declares that every place within the limits
of Canon City where intoxicating liquors are sold or
dispensed, except by druggists duly licensed, is a
nuisance.   Penalties in the way of fines are provided
for the violation of these ordinances.   One of the pro-
visions of the ordinance declaring places where
liquors are sold or dispensed nuisances, is:

"The city marshal and all police officers of said
city shall abate said nuisance by securely closing
such places and preventing any person and all per-
sons from entering the same except for the lawful
removal of such liquor, until all liquor of any or
every kind hereinbefore mentioned shall have been
removed therefrom, and until the owner of said place
shall have given bond to the said city in a form and
with sureties to be approved by the city council of
said city of Canon City, in the penal sum of twenty-
five hundred dollars, conditioned that such place
shall not again be suffered or permitted to be used
for any purpose hereinbefore specified as constitut-
ing it a nuisance."

Under this provision, the city, through its mayor
and marshal, gave notice to the club to stop the sale
and dispensing of liquors to its members within the
rooms occupied by it, and that unless such sales were
stopped within a time specified, the provisions of the
ordinances of the city with respect to the sale and
dispensing of intoxicating liquors would be rigidly
enforced against the club.   Up to the time of giving
such notice, no prosecution under any of the ordi-
nances in question had ever been commenced or
prosecuted against the club or its members.

Defendants in error, constituting the board of
control of the club, thereupon commenced an action
against the city of Canon City and its mayor and
marshal, to restrain them, except by some regular

form of judicial proceeding in a court of competent jurisdiction, from closing the club rooms or preventing any member or members from entering them, or interfering with the full and entire enjoyment of such rooms by the members. The complaint filed stated substantially the facts above set forth. To this complaint a demurrer was filed by the defendants, which challenged the complaint upon the grounds, among others, that the plaintiffs had no capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action, or as a basis for relief of any kind. This demurrer was overruled. The defendants thereupon answered, and a trial was had before the court. The facts established under the issues made by the pleadings were substantially as above recited. Judgment was rendered for the plaintiffs, enjoining the defendants, except by some regular form of judicial proceeding in a court of competent jurisdiction, from closing the club rooms or preventing any member or members of the club, or their guests, from entering such rooms, and to refrain and desist from interfering with the full and entire enjoyment of such rooms by the members of the club or their guests. The defendants bring the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The first error assigned on behalf of defendants is that the court erred in overruling their demurrer to the complaint, which challenged the capacity of plaintiffs to bring the action. Presumably, if there was any merit in this contention, it appeared upon the face of the complaint. By answering to the merits, the defendants waived that question. It has been repeatedly decided that where a demurrant wishes to take advantage of any supposed error in

overruling a demurrer to a complaint upon grounds which, under our civil code, constitute grounds for demurrer, which appear upon the face of the complaint, he must, except for want of facts or jurisdiction, let final judgment be entered, for by afterwards answering to the merits, he cannot, except for the two defects mentioned, raise such questions in connection with his answer. — *Sams Automatic Car Coupler Co. v. League,* 25 Colo. 129; *Diamond Rubber Co. v. Harryman,* 41 Colo. 415.

It is next urged that the complaint shows that the plaintiffs have attempted to invoke the aid of a court of equity to prevent the enforcement of a penal ordinance, and that for this reason, and also because the testimony establishes this fact, the judgment is erroneous. The judicial enforcement of a penal ordinance cannot be inhibited by a court of equity.— *Denver v. Beede,* 25 Colo. 172; *Adams v. Cronin,* 29 Colo. 488; *Olympic Athletic Club v. Speer,* 29 Colo. 158.

There may be exceptions to this rule, as suggested in the above cases, but this case does not fall within the exception, so far as the judicial enforcement of the ordinance in question is involved. Neither is that question the vital one in this case. The plaintiffs did not seek a judgment inhibiting the defendants from judicially enforcing such ordinance, nor did the judgment rendered inhibit the defendants from so doing. On the contrary, the questions presented by the complaint and on the facts established at the trial are: (1) may the city authorities summarily close the club rooms and exclude the members of the club therefrom; and (2) if not, may they be enjoined from so doing?

The defendants claim that they have the right, by virtue of the ordinances of the city, to close the club rooms and exclude its members therefrom, and

do not deny the averments of the complaint, to the effect that it was their intention and purpose to take these steps. In support of their authority and right to do so, it is claimed that the club rooms managed by the plaintiffs are maintained in violation of the ordinances of the city inhibiting any place to be kept within its limits wherein intoxicating liquors are sold or dispensed to members of the club occupying such place. That question is not the material or crucial one involved, and we shall express no opinion upon it. We are not concerned with the guilt or innocence of plaintiffs, neither can that question, under our rulings of the Beede and other cases, be determined in this proceeding. The first important question to determine, in order to solve what we have indicated are the only ones in the case, is, whether the defendants may determine for themselves that the club is violating the ordinances of the city, and proceed summarily to enforce its *ex parte* orders against it. This question must be answered in the negative. The fact that members of the organization represented by plaintiffs meet in their club rooms is not a violation of the ordinances. Neither is the mere storage of liquors in such rooms contrary to any provision of such ordinances. The violation of such ordinances, if any there be, consists in dispensing such liquors to the members of the club. Whether or not that is a violation cannot be determined by the city officials, but only by a court of competent jurisdiction, wherein plaintiffs are afforded an opportunity to be heard, so that the question of whether they are violating the ordinances of the city can be judicially determined. By the terms of the ordinances which the defendants say they proposed to enforce, no such opportunity is afforded the plaintiffs. Defendants propose *ex parte* to determine that the ordinances of the city have been violated, and pursuant to that con-

clusion contend they have the right to close the club rooms and exclude the members therefrom. Such a proceeding as that cannot be upheld. Persons, even though they be officials of a municipality, may not take the law into their own hands, however justifiable they may think such a course may be to prevent infringement of the law. Such a course must inevitably result in bringing about conditions destructive to the peace of a civilized community. If it can be done in one case, it may in another, and thus there would be no limit to the unlawful means which might be resorted to for the purpose of punishing alleged infringements of the law, although those engaged in doing so would also be violating it. A man's property cannot be seized, nor can he be punished, except for a violation of the law, and whether he has been guilty of such violation as justifies the seizure of his property, or the infliction of punishment, can only be determined by a court of competent jurisdiction, where he is afforded an opportunity to be heard before judgment is pronounced against him.—*Darst v. The People,* 51 Ill. 286; *Earp v. Lee,* 71 Ill. 193; *Baldwin v. Smith.* 82 Ill. 162.

The law provides a method whereby the unlawful selling of liquor may be judicially determined and judicially punished. In the present case the ordinances of Canon City make such provision.

Having concluded that the ordinances cannot be enforced in the manner threatened by defendants, the next question is, whether they may be enjoined from carrying their threat into execution. This question must be answered in the affirmative. The reason upon which the Beede and other cases decided by this court, wherein it is held that the judicial enforcement of a penal ordinance could not be enjoined, rests, is that equity can only be invoked when there is no plain, adequate and complete remedy in the

law courts of which the party invoking its aid can
avail himself. That condition is not present in the
case at bar; on the contrary, it is entirely absent, for
the obvious reason that no opportunity is afforded
by the provisions of the ordinance under considera-
tion whereby the plaintiffs may be heard on the ques-
tion of whether or not the dispensing of liquors in
their club rooms in the manner set out in their com-
plaint and as established by the facts, is a violation
of the ordinances of the city inhibiting the sale of
liquors within its limits. They must either submit
to the *ex parte* determination of the city officials that
they are violating the ordinances of the city and per-
mit their club rooms to be closed, and the members
excluded therefrom, and then bring an action to be
reinstated in the possession of their rooms, or they
must resort to force when the city authorities under-
take to enforce the provisions of the ordinances
against them. Certainly, the first course does not
afford an adequate remedy at law, because that ex-
pression does not mean that such a remedy is af-
forded by quietly submitting to an alleged wrong,
and then bringing an action against the alleged
wrong-doer to redress it. Neither is the second ex-
pedient one to which the law will compel a party
to resort by refusing him protection in the first
instance, because that course invites violence and
a breach of the peace. Perhaps he might justify
such action if called to account therefor, but that is
not an adequate remedy at law to afford pro-
tection against the illegal invasion of his rights.
The general rule is, that if, in order to protect the
rights of a party, an action at law does not afford
a plain, speedy and adequate remedy whereby
the whole mischief of which he complains may be
reached, and his rights, both present and future, be
secured in a perfect manner by the judgment of a

court at law, he may invoke the interposition of equity for his protection.—1 Story's Equity Jurisprudence, § 33. Applying this rule, it is clear that this case does not fall within the rule laid down in the Beede and other cases cited by counsel representing the city authorities. The amendment to § 143 of the civil code, which provides that no writ of injunction shall issue to restrain the enforcement of a penal ordinance does not apply, because that can only be construed to mean that no writ of injunction shall issue to restrain the judicial enforcement of such ordinance.

There are, doubtless, instances where city authorities would be justified in employing summary methods because of the emergency of the situation to prevent infringement of the law, or to prevent parties from taking steps which would inevitably lead to a violation of the law, or to protect the health of the public, or where, for the protection of the public, police surveillance must be exercised and prompt action taken; but no such emergencies are presented in the present case. Whether or not the plaintiffs and those whom they represent are violating the ordinances of the city can be determined judicially, and if they are so found guilty, the judgments to that effect can be enforced by judicial process, without jeopardizing the safety of the public in the slightest degree, and any attempt on the part of the city authorities to do otherwise cannot be permitted. In reaching this conclusion we must not be understood as indicating that a judgment of a court to the effect that the club rooms could be closed and the members excluded, would be upheld, or that the dispensing of liquors in these club rooms to members of the organization represented by plaintiffs in the circumstances established in this case is not a violation of the ordinances of the city inhibiting the sale of liquors within

its limits. It will be time enough to determine either, or both, of these questions when presented by an appropriate proceeding. What we do determine is, that in the circumstances of this case, the city authorities cannot enforce the provisions of the ordinances involved extra judicially, and that they may be enjoined from attempting to do so.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE HELM concur.