Scott, P. J.,
specially concurring.
• It lias occurred to me that the facts in this case should have been stated more fully in the opinion of the majority of the court, which so admirably states the law controlling the- case, in order that the exact question decided may be relieved from possible uncertainty.
The Canon City Labor Club was, at the times mentioned, a corporation organized under the laws of this state. It is charged in that part of defendants’ answer, to which the demurrer was sustained, that this corporation was a club consisting of several hundred members, and organized and existing for the purpose of evading the liquor laws of the state and the ordinances of the city of Canon City in relation thereto, and that the only purpose of such club, aside from its profit, was to furnish the members a place to secure intoxicating liquors in violation of the law.
For the purposes of this case, these must be accepted as the facts, and in addition thereto this court had before it its own - judgment rendered since the institution of this action, affirming the judgment of the district court, cancelling the corporate charter of this club for the very reasons assigned in the answer in this case.
The second defense set up in the answer alleged a resolution of the city council, which, in substance, declared the said club to be a nuisance and ordered the city marshal to abate the same by arresting the officers and agents of the club; by confiscating and bringing before the police magistrate all intoxicating liquors found on the premises of the club, together with the arrested officers and agents, there 'to be dealt with by the city council. But the acts of the defendants complained of in this case cannot be brought within the purview of this resolution.
What the defendants did, and in violation of this resolution, which commanded at least peaceful, if not *311 lawful methods, was to go to the place occupied by the club, between the hours of nine and ten o ’clock on a Sabbath morning, enter the building by means of a key, and at a time when no person was in the building or on the premises except the plaintiff, then manager of the club, and without warrant of authority and with axes and by other means destroy the goods, the value of which is involved in this action. These goods, in addition to intoxicating liquors, included fixtures, glassware, cigars and ■ other property. A part of the liquors were, at the time, involved in a replevin suit between the club and the city. The conduct of the defendants, as appears from the undenied testimony of Walton, the plaintiff, was as follows:
“Mr. Worrell, I think, spoke first. He says, ‘Ah, ha, we’ve got you now, Joe.’ I didn’t make any remark. He says, ‘I have a warrant for your arrest,’ I says ‘all right, will you read it to me or let me see it, ’ and Mr. Houston made an attempt, I thought, to let me see the paper and read it, and then Taylor spoke up and says ‘beef him,’ ‘kill him,’ ‘damn him,.’ and I was struck from behind with a blunt instrument of some kind right in the ear and fell forward to the floor, and in getting up I was knocked down again, and I was knocked while down, and after I» got up the second time. I was then approaching the front door, I was then struck from behind again and knocked down and fell into the little hallway. Before going outside, I got up again and was then struck with an instrument on the cheek bone, the scar is there now,' and I fell to the pavement and that is all that I can remember. I fell senseless to the pavement.”
It is clear that the resolution of the city council did not order or suggest such conduct and is therefore no defense.
The mere fact that plaintiff had violated the law by the unlawful sale of intoxicating liquors was clearly not *312 an excuse in law for such conduct or for the destruction of the property.
The defendants, upon the basis of their belief that the club had violated the liquor laws in the past, or might do so in the future, and without intimation or suggestion that such had or would be the case on the particular day, voluntarily left the privacy of their homes, assembled together, entered a closed and locked building, and there deliberately engaged in the trespass and destruction complained of. This constitutes wilful trespass.
I know of no case where private punishment for public wrong has been sanctioned by the law, or where public wrong has been held as an excuse for a wilful private trespass. If the doctrine of the dissenting opinion in this case is to be approved, it must apply not only to those who violate the liquor laws, but all laws as well, and thus due process of law is a constitutional guarantee in name only.
The supreme court of this state has fully determined this question in the case of Canon City v. Manning, 43 Colo., 144, and the rule there announced is sustained by an unbroken line of authority. The perpetuity of the government rests upon the principle therein stated, that neither municipalities nor persons may take the law into their own hands. Wrongs may be prevented and punishment inflicted only through courts of competent jurisdiction. That no person shall be deprived of life, liberty or property without due process of law is a guaranty to the guilty and innocent alike. Popular government, if it is to continue, must be a government of law and not of force. Individuals cannot prevent or punish one wrong by means of the commission of another, for such would be incipient anarchy. If the law is not sufficient, the remedy is with the legislature,
The law of this state has provided a means for the destruction of gambling paraphernalia, but even in such *313 case it is to be accomplished in an orderly manner and upon the order of a court of competent jurisdiction. -The courts can make no distinction- as to property or persons as between law violators, else law and order must seek other habitations and courts of justice and constitutional guarantees stand as a mockery.
Decided December 16, A. D. 1912.
Rehearing denied January 13, A. D. 1913.
However deplorable the situation, as presented in this and other -cases from the same locality, as regards the violation of the liquor-laws, I still believe the law sufficient to provide both punishment and prevention, and I cannot lend my sanction to the unlawful acts of some of the citizens, upon the theory that these are to prevent the unlawful acts of others.
The final appeal of every American must be to the supremacy of the law. The principle involved in this case is different from that wherein recovery is sought for the value of goods in case of sale, where the sale of such goods is prohibited by law. There can be no question, however, but that these goods are property and have value, even though sale is prohibited by law.