## No. 13,185.

CITY OF IDAHO SPRINGS *v.* COLEMAN ET AL.
(30 P. [2d] 861)

Decided March 5, 1934.

Mr. FRANK L. JONES, Mr. E. L. REGENNITTER, for plaintiff in error.

Mr. MILNOR E. GLEAVES, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE defendants in error, as plaintiffs in the trial court, sought to enjoin the city of Idaho Springs from enforcing its police court judgments against them; to restrain the enforcement of a penal ordinance; and to cancel the appeal bonds, made by plaintiffs, in appeal from said judgments to the county court. They will be referred to as plaintiffs, and plaintiff in error as the city.

An ordinance of the city, enacted May 9, 1929, provides:

"Section 3. It shall be unlawful for any person, firm or corporation, to conduct a filling station in the City of Idaho Springs, without a license therefor first had and obtained according to the provisions of this Ordinance."

"Section 4. For a license as required by the foregoing section, there shall be paid the sum of One Hundred Dollars ($100.00) and no cents, per annum for each and every filling station where one pump only is installed; and for each and every filling station having more than one pump, in addition to the said One Hundred Dollars ($100.00), there shall be paid the sum of Ten Dollars ($10.00), per annum for a license for each and every such additional pump."

The ordinance as introduced and published did not contain the following penalty section: "Section 5. Any person, firm or corporation, who shall violate or fail to comply with any of the provisions of this Article, shall be deemed guilty of a misdemeanor and upon conviction thereof, be fined not less than Ten Dollars ($10.00) and not more than Three Hundred Dollars ($300.00)"; which

was added on final reading of the ordinance on May 9th, and finally published May 11th.

Plaintiffs were filling station operators in the city, and paid the license fee, as required, for the year 1929, but refused to pay same for the year 1930. On September 10, 1930, the city began police court prosecutions for violation of the ordinance. The cases against all plaintiffs were consolidated and tried October 13, 1930. The defense was invalidity of the ordinance. Plaintiffs were each found guilty and fined $200 and costs. On October 18, 1930, the fifth day after trial, the police magistrate approved an appeal bond for each of plaintiffs, which was filed with him. For such bonds in cities of less than 25,000 population, we have the following statute:

"Appeals may be taken from all judgments of said court to the county court of the county in which such city is situate, where the case shall be tried de novo; but no such appeal shall be allowed unless the party appealing shall within five days execute a bond, with good surety, to be approved by the police magistrate, to the city, in such penal sum as may be fixed by the court, conditioned that he will duly prosecute such appeal, and will pay off and satisfy any judgment that may be rendered, upon the trial of said case in the court to which the appeal is taken, or dismissal of the appeal, or that the defendant will surrender himself in satisfaction of such judgment, and shall, within ten days from the execution and approval of said bond, pay to the clerk or judge of said county court the fee required by the rules of said court for the docketing of said cause. Upon the execution of such bond and the payment of said costs, the judgment shall be superseded, and the original papers, together with the transcript of the record, shall be certified to the court to which the appeal is taken. Action may be instituted, upon such appeal bond, in the name of the City." C. L. '21, section 9416.

The condition of the bonds executed by plaintiffs was:

"Now if the said  *  *  *  shall prosecute said appeal with effect and without delay and shall, within twenty days from the date of the approval of this bond, pay to the clerk of said court all fees necessary to have this case docketed and placed on the calendar of said Court, then this obligation to be void, otherwise, to remain in full force and effect."

The parties stipulated that the result of one case on appeal would control as to the other cases. On November 5, 1930, counsel for plaintiffs, since deceased, gave his check to the county judge of the county for $7.50, as docket fee for one of the cases, which was agreed to be a test case. The original papers of the police court were never certified to the county court, and without any further action on either side, the plaintiffs on March 28, 1931, applied in this case to the district court for an injunction to restrain the enforcement of the police court judgment, the ordinance and action or proceedings on the appeal bonds. Judgment was for plaintiffs.

The pleadings are lengthy and the abstract of record consists of more than 200 pages, including 30 assignments of error. We find it necessary to discuss but few points presented by the errors assigned. Determination of the following questions raised by the city disposes of this case:

"Will injunction lie to restrain the enforcement of a judgment on the ground that it is based on an invalid ordinance where the defense of the invalidity of the ordinance was interposed in the case in which the judgment was rendered and the judgment defendant failed to perfect an appeal to which he was entitled by statute?"

"No appeal can be allowed from a police court judgment to a county court unless the party appealing within five days executes a bond conditioned that he will pay off and satisfy any judgment that may be rendered, upon the trial of said case in the court to which the appeal is taken, or dismissal of the appeal."

"No appeal can be allowed from a police court judgment unless the party appealing within ten days after the execution of such bond pays to the clerk or judge of the county court the fee required for the docketing of said cause."

"The insertion of a condition in the bond given to appeal from a police court judgment that the docket fee be paid within a period longer than that fixed by the statute cannot extend the time or give the court jurisdiction of the appeal where the docket fee is not paid within the time fixed by the statute."

■ A part of the third paragraph of section 160 of the Code of Civil Procedure is: "* * * That no writ of injunction shall issue to restrain the passage of penal ordinances or the enforcement thereof." It is urged by the city that the plaintiffs cannot invoke the aid of a court of equity to prevent the enforcement of a judgment, based upon the violation of a penal ordinance. This contention is correct. Injunction will not lie against the judicial enforcement of a penal code. There may be instances when officials may be enjoined from the arbitrary enforcement of such an ordinance, but such instances are not those where the interests or rights of the parties have been judicially determined, after a hearing. *Canon City v. Manning,* 43 Colo. 144, 95 Pac. 537.

■■ That the city had the right to regulate and tax filling stations by ordinance there can be no doubt. This was an occupation tax. Plaintiffs recognized the force and effect of the ordinance and complied with it in 1929. Whether the ordinance, in its nature, or in the manner of its passage, is valid, we need not, nor do we undertake to say. The city proceeded in an orderly way to enforce the ordinance. The plaintiffs had a hearing. They raised the question of the validity of the ordinance. The judicial determination was adverse to them. Ample provision is made by statute for appeal in such cases. On appeal, all questions could have been determined on a

de novo trial. Through ignorance of, or mistake in, the law as provided, which is not chargeable to present counsel, the plaintiffs did not avail themselves of their only remedy. For this mistake, plaintiffs cannot obtain relief in equity. *Snider v. Rinehart*, 20 Colo. 448, 39 Pac. 408.

■ The first statutory provision of appeal for the party aggrieved is that within 5 days he shall make sufficient bond, conditioned that he will satisfy such judgment as may be rendered on appeal, and shall within 10 days pay the necessary fee for docketing case in the county court.

The bond, if it can be called a bond, that was filed with, and approved by, the police magistrate within the 5 days, did not contain the required conditions. The statutory requirements of the first step toward appeal were not met. If it could be said, which we are not saying, that the approval of the so-called bond by the police magistrate gave the attempt to start an appeal some force and effect, it would not aid plaintiff now. He did not pay a docket fee in the county court within the 10 day period after the approval of the bond.

■■ In face of the mandatory requirement of the statute that the docket fee shall be paid within 10 days, plaintiff's mistake or ignorance of the law and his failure to comply therewith is fatal to his appeal. Having deprived himself, by his own ignorance of the law, or neglect, of the right of appeal specially provided for him and others similarly situated, he cannot expect equity to do for him what he failed to do for himself. It is contended by plaintiff's counsel that the bond as approved, allowed by its terms 20 days for paying the docket fee. That does not relieve plaintiff from his dilemma. That term in a bond, does not supplant the plain wording of the statute. In face of these conditions, clearly shown by the record, and not denied by plaintiff, the complaint in this case was not, and could not be, based on equity. A reasonable procedural course is provided for those in

424

the position in which plaintiff found himself after the conviction in police court, and he cannot be allowed to map out a course, according to his desires and conveniences regardless of the statutes.

The judgment of the trial court was wrong and is reversed with directions to dismiss the action.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.