NEWMAN and others v. NEWTON and others.*

(*Circuit Court, D. Colorado.* October Term, 1882.)

1. AFFIRMATIVE MATTER IN ANSWER—REPLICATION.

In ejectment for a mining claim, where defendant sets up title in himself, the plaintiff must reply.

2. COURT CANNOT VACATE JUDGMENT AFTER TERM.

After the term has closed, the court has no power, without the consent of parties, to vacate a judgment. A stipulation consenting to vacate within a certain time is wholly inoperative after the time specified has elapsed.

3. FINAL JUDGMENT.

A judgment for defendants, for want of replication to answer, is a final judgment.

Motion to Vacate Judgment.

*Charles J. Thompson,* for plaintiffs.

*L. S. Dixon,* for defendants.

HALLETT, D. J. Ejectment in the district court of Lake county to recover the Jessie Clark lode; thence removed into this court. Answer filed in this court May 12, 1880, denying plaintiffs' title to the Jessie Clark lode, and setting up title in the defendants to the same ground as the Virginius lode. Under section 250 of the Code of of Civil Procedure, the claim of a defendant in ejectment to the premises in controversy, under a location differing from that from which plaintiff derives title, is regarded as new matter, requiring a replication. After providing that a defendant may deny the allegations of the complaint, or disclaim any interest in the premises, the section declares that "the answer may also state generally, as in the complaint, the character of the estate in the premises, or any part thereof, which the defendant claims, or any right of possession or occupancy he claims."

This serves to bring into the case new facts, requiring a denial from the plaintiff, and, if not denied, they are, by section 72 of the Code, to be taken as true. In that view, and according to the practice of the court, on the sixth day of July, 1880, nearly two months after the answer was filed, defendants took judgment against plaintiffs for want of a replication. This was at the May term, 1880, of the court, which was adjourned July 10th of that year. After the court adjourned for the term, and on the nineteenth day of July, 1880, the counsel who had obtained the judgment entered into a stipulation with counsel, representing the plaintiffs, to the effect that

*From the Colorado Law Reporter.

the judgment should be set aside on some rule-day, or on the first day of the next term of the court, with leave to plaintiffs to reply to the answer; and the stipulation was filed in the cause.

It is said that at the time judgment was entered one of the counsel for defendants, Mr. Bates, had agreed with plaintiffs' counsel, Mr. Thompson, to give further time for filing a replication to plaintiffs' answer; and Mr. Green, who was also counsel for defendants, in ignorance of that agreement, took judgment against plaintiffs. These circumstances led to the stipulation before mentioned. The judgment was not, in fact, set aside at the time specified in the stipulation, or at any time; and defendants have now discharged Mr. Green from the case, and refuse to be bound by the stipulation. But that is not important, as the time within which it was to be executed has passed.

Without consent of parties, it is believed that the court has no power to vacate a judgment after the term has passed in which it was entered. *Bank of U. S.* v. *Moss,* 6 How. 31; *Assignees of Medford* v. *Dorsey,* 2 Wash. 433; *Becker* v. *Sauter,* 89 Ill. 596.

Defendants' agreement to open the judgment was probably subject to be revoked at any time before it should be executed. But, at all events, it was not executed within the time specified, and it is not now of any force or effect.

If it is thought that the proceedings of this court may be subject to the provisions of section 75 of the Code, by which a person may obtain relief from a judgment entered against him "through mistake, inadvertence, surprise, or excusable neglect," it will be seen that the limitation of five months, within which the motion must be entered, has passed. The suggestion that the judgment in this case was not final, cannot be entertained. It is as final and conclusive of the rights of the parties as any which can be given in an action of this kind. The court is without power to give relief in this form at this time, and the motion will be denied.