ELDER v. RICHMOND GOLD & SILVER MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1893.)

No. 183.

1. LIMITATION—SUIT TO REMOVE CLOUD ON TITLE.
   A suit to remove, as a cloud on title, a claim founded on a judgment alleged to have been rendered without jurisdiction is not within Gen. St. Colo. 1883, c. 66, § 12, limiting the time within which bills for relief on the ground of fraud can be brought.

2. SAME.
   Code Colo. § 401, prescribing the limitation for suing out writs of error, has no application to such a suit.

3. JUDGMENT—PRESUMPTION OF VALIDITY.
   A judgment for defendant in an attachment suit, rendered for failure to reply to the answer, as required by Code Colo., is not invalidated by the fact that the record fails to show that notice of the filing of the answer was given in conformity with the requirements of the Code, as the presumption that the court rightly decided that such requirements were complied with is conclusive against collateral attack.

4. FEDERAL COURTS—CORRECTING ERRONEOUS JUDGMENT OF STATE COURT.

Errors in the judgment of a state court having jurisdiction are reviewable only by the proper state tribunals, and cannot be corrected by the federal courts.

5. JUDGMENT—VACATING—WANT OF JURISDICTION.

A judgment was rendered in a district court of Colorado, dismissing the action, and thereafter a motion to vacate was denied. Nearly three years after its rendition, and without intermediate proceedings, the judgment was set aside, and judgment rendered for plaintiffs. *Held*, that the latter judgment was absolutely void, as rendered without jurisdiction; Code Colo. § 75, requiring that a party aggrieved by a judgment must apply for relief within six months after adjournment of the term at which the same was rendered.

6. SAME—AMENDMENT AFTER TERM.

The power of amendment after the term does not extend to the correction of judicial errors, nor authorize the annulment of a judgment rendered nearly three years previously, and the rendition of another exactly opposite.

Appeal from the Circuit Court of the United States for the District of Colorado. .

In Equity. Bill by the Richmond Gold & Silver Mining Company against George W. Elder to remove a cloud from the title to parts of certain mining claims. Decree for complainant. Defendant appeals. Affirmed.

James B. Belford and George R. Elder, for appellant.

Dexter T. Sapp, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This was a bill in equity filed by the Richmond Gold & Silver Mining Company, the appellee, against George W. Elder, the appellant, to remove a cloud from the appellee's title to parts of mining claims situated in Gunnison county, Colo., described as follows, namely: An undivided one-third of the Sleeping Pet, an undivided three-fourths of the Mammoth lode, an undivided three-fourths of the Eastman lode, an undivided three-fourths of the Topeka lode, an undivided three-fourths of the Little Minnie lode, an undivided three-fourths of the Gray Copper lode, and an undivided three-fourths of the Silver Gem lode. The bill sets up two independent sources of title in the appellee to the property,—one by purchase from the patentees of the United States and their grantees, and another afterwards acquired by patents from the United States to the appellee issued in 1885 for the property, founded on a relocation of the mining claims. In the view we take of the case, it will not be necessary to consider this latter title.

The bill sets out the appellee's chain of title, from which it appears that one Albert M. Eastman once owned the property, and the conveyances from him constitute a necessary link in appellee's chain of title. The bill alleges, and the answer admits, that the appellant's claim of title rests on a judgment recovered by Billin, Huston & Co. against Albert M. Eastman and Benjamin H. Cramp on the 18th day of November, 1885, in the district court of Lake

county, Colo., in a suit begun by attachment on the 21st day of October, 1881, and in which the writ of attachment was on the 27th day of October, 1881, levied on the property in controversy as the property of Albert M. Eastman, and which was afterwards sold as his property under a special execution issued on the judgment. The bill alleges that the court was without jurisdiction to render this judgment, and that the same, and the proceedings thereunder, are void for that reason. The appellant, in his answer, asserts the validity of the judgment and proceedings, and avers that under them he acquired Eastman's title to the property, and that the title so acquired has relation to a date prior to the conveyance of the property by Eastman to the appellee or to its grantors; the attachment having been levied October 27, 1881, and the conveyances from Eastman, under which the appellee claims title, having been made in July, 1882.

The facts necessary to be considered in determining the validity of the judgment under which the appellant claims the property are as follows: On the 21st of October, 1881, Billin, Huston & Co. commenced a suit by attachment against Albert M. Eastman and Benjamin H. Cramp in the district court of Lake county, Colo., to recover more than $10,000 alleged to be due to the plaintiffs from the defendants. The writ of attachment issued in the case was duly levied on the mining claims in controversy, as the property of Albert M. Eastman, on the 27th of October, 1881. The defendant Eastman appeared to this suit on the 14th day of April, 1882, and filed his answer, denying that the defendants executed the note sued on, and pleading want of consideration. No replication was filed to this answer, as required by the Colorado Code of Practice; and on the 10th of June, 1882, and during the same term, the court rendered the following judgment in the case:

"It appearing to the court that the plaintiffs herein have failed to file a replication or demurrer to the answer of said defendant, although the time for them in which so to do has long since expired, it is ordered that the default of said plaintiff, for so failing to reply to said defendant's answer, be, and the same is hereby, duly entered according to law; and, on motion of said defendant for judgment to be entered on said default, it is considered, ordered, and adjudged by the court that the said defendant, Alfred M. Eastman, go hence without day, and that he have and recover of and from said plaintiffs all his costs in this action expended, and that execution issue therefor."

On the 5th of August, 1882, Billin, Huston & Co. filed their motion, supported by affidavit, to set aside this judgment, which motion was pending until the 20th of March, 1883, when it was denied, to which ruling the plaintiffs excepted, and filed a bill of exceptions, but never sued out a writ of error, or otherwise prosecuted an appeal. On the 26th of May, 1885, the court, on motion of Billin, Huston & Co., set aside the judgment rendered in favor of Eastman on the 10th day of June, 1882, and on the 10th day of November, 1885, rendered a judgment in the case against Eastman for $15,385.53, and sustained the attachment. The appellant's title to the property rests on a sale thereof on a special execution issued on this judgment.

The statute of Colorado of 1883 (Gen. St. c. 66, § 12) provides that

bills for relief on the ground of fraud shall be filed within three years after the discovery of the fraud, and the appellant pleads this statute in bar. But this is not a bill for relief on the ground of fraud, within the meaning of that statute. The bill challenges the jurisdiction of the court to render the judgment under which the appellant claims title. The question it presents is one of law, and not one of fraud in fact, which is not charged. Nor does section 401 of the Code of Colorado, prescribing a limitation of three years for suing out writs of error, have any application to the case.

We come now to the consideration of the question whether the court had jurisdiction to render the judgment under which appellant claims. It is undeniable that the district court of Lake county had jurisdiction of the parties and the subject-matter of the suit at the time it rendered the judgment of June 10, 1882. The legal effect of that judgment was to put an end to the suit. The technical name for the judgment is not material. It does not matter, for the purposes of this case, whether it be called a judgment of non pros, or by some other name. Nor is it material to inquire as to the effect of the judgment on the plaintiffs' right to bring another suit for the same cause of action. It was undoubtedly a final judgment, in the sense that it disposed of that suit, and the attachment proceedings therein. The Code of that state provides that, "if the defendant recover judgment against the plaintiff, * * * the order of attachment shall be discharged and the property released therefrom." Code Colo. § 110. It is objected by the appellant, against the validity of this judgment, that under the Code of Colorado (section 60) the court had no power to render a judgment by default against the plaintiffs for not replying to the answer until the defendant had given them 10 days' notice in writing that the answer had been filed. It nowhere appears from the record that such notice was not given. There is in the record an ex parte affidavit to that effect, but that cannot be considered for the purpose of impeaching the judgment of the court, when collaterally attacked. The court had jurisdiction of the parties and the subject-matter, and it had the power, and it was its duty, to hear and decide every question of fact and law that arose in the progress of the case, until it was finally disposed of. It was its duty to inquire and decide whether the requirements of the practice act, in the particular mentioned, had been observed. The presumption is that it did inquire, and that it decided the question rightly, and this presumption is of conclusive force as against a collateral attack upon the judgment. But if this, or any other question of law or fact which arose in the progress of the case, was erroneously decided, the jurisdiction of the court, and the validity of its judgment, would not be affected thereby. An erroneous decision does not divest a court of its jurisdiction over the case. Elliott v. Peirsol, 1 Pet. 328, 340. If it commits errors, they can only be corrected by appropriate appellate procedure in a court which, by law, can review the decision. Bronson v. Schulten, 104 U. S. 410. But neither this court nor the circuit court is invested with appellate or supervisory jurisdiction over the state courts, nor can either reverse, vacate, or modify their judgments, in cases in which they

had jurisdiction of the parties and the subject-matter. Randall v. Howard, 2 Black, 585; Nougue v. Clapp, 101 U. S. 551; Central Trust Co. v. St. Louis, A. & T. Ry. Co., 40 Fed. Rep. 426. The judgment of June 10, 1882, even if it was erroneous, was not void, and has the same force and effect as if no error had been committed in its rendition.

We come now to consider the validity of the judgment rendered in the case in favor of the plaintiffs, and against Eastman, on the 18th of November, 1885. This last judgment was rendered three years after the rendition of the judgment dismissing the action, and two years after the motion to vacate and set aside that judgment had been overruled. After the motion to set aside the first judgment was denied, there was no motion pending in the case, and no proceedings taken therein, for two years, during which time several terms of court were held. The general rule is that, after the term is ended, all final judgments of the court pass beyond its control, unless steps are taken during that term, by motion or otherwise, to set aside, modify, or correct them. Bronson v. Schulten, 104 U. S. 410. This general rule has been modified by legislation in some of the states, (Bigelow v. Chatterton, 2 C. C. A. 402, 51 Fed. Rep. 614;) and, by the Colorado Code, an aggrieved party, who has been unable to apply for the relief sought during the term at which the judgment was rendered, may make his application to the court, or judge at chambers, at any time within six months after the adjournment of the term, (section 75, Code Colo.) Billin, Huston & Co. availed themselves of this provision of the Code when they made their motion to vacate the judgment of the 10th of June, 1882; and when that motion was overruled, and the six months had elapsed, the judgment passed beyond the control of the court, and its jurisdiction over the same was ended. The action of the court, two years after this, in setting aside its judgment rendered three years before, and rendering another and a different judgment in the case, was not merely erroneous, but was absolutely void, for want of jurisdiction. This is not the case of the correction of a mere clerical error, or supplying an obvious omission, or amending the judgment to make it conform to the judgment actually rendered, and intended to be rendered, which may sometimes be done, upon proper notice. But the power of amendment after the term does not extend to the correction of judicial errors, or the rendition of a judgment which was neither in fact rendered, nor intended to be rendered. 1 Black, Judgm. § 154. In this case, no mere correction of a clerical error, or amendment of the judgment, was asked for, or attempted to be made. There was an entire annulment of the first judgment, and the rendition of another judgment, the very opposite of the one set aside. The case, having been finally disposed of years before, had passed out of the court's jurisdiction. It could neither vacate the first judgment, nor render a new one. The judgment of every court acting without jurisdiction is a nullity, and will be so held and treated in all courts in which it is sought to be used or relied on as a valid judgment. Elliott v. Peirsol, supra. The appellant's claim of title to the property in controversy, based on

this void judgment, and the proceedings had thereunder, is invalid and of no effect, as against the appellee's title, and the decree of the circuit court to this effect is affirmed.