DONHAM v. SPRINGFIELD HARDWARE CO.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1894.)

No. 371.

JUDGMENT—JURISDICTION—EQUITABLE RELIEF.

   A judgment of a circuit court, rendered upon personal service on the defendant of a summons not delivered to the marshal until after Act March 3, 1887, limiting the jurisdiction of the court to matters exceeding $2,000, went into force, although the complaint was filed before the act, will not be declared void on bill in equity on the ground that the matter in dispute was less than $2,000. If erroneous, the remedy is by writ of error.

Appeal from the Circuit Court of the United States for the Western District of Missouri.

This was a suit by W. W. Donham against the Springfield Hardware Company to have a judgment against complainant declared void for want of jurisdiction. A demurrer to the bill was sustained. Complainant appealed.

Henry C. Young and M. C. Cantrell, for appellant.

G. M. Sebree, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. On the 23d day of February, 1887, A. C. Phillips, a citizen of the state of Arkansas, filed a complaint at law against W. W. Donham, a citizen of Missouri, in the United States circuit court for the central division of the western district of Missouri, to recover the contents of a promissory note for the sum of $550. A summons was issued the day the complaint was filed, and delivered to the plaintiff's attorney, who placed it in the hands of the marshal on the 23d day of March, 1887. The summons was thereafter duly served, and, the defendant not appearing to the action, judgment by default was rendered against him on the 12th day of March, 1888, for $755.14, which was afterwards assigned to the appellee. The appellant filed this bill in equity, praying to have the judgment "declared null and void," upon the ground that the court "had no jurisdiction to render judgment for a sum less than $2,000." The lower court sustained a demurrer to the bill, and the plaintiff appealed.

The contention of the appellant is that the action at law in which the judgment was rendered was not commenced until the summons was delivered to the marshal on the 23d day of March, 1887, and that at that time the act of March 3, 1887 (24 Stat. 552), was in force, which declares that the circuit courts of the United States shall have original cognizance of suits "when the matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000," and that, as the matter in dispute in the action was less than $2,000, the court had no jurisdiction of the cause, and its judgment therein is void.

This contention is untenable. The summons in the case was served personally on the defendant. The court, therefore, had jurisdiction of the person of the defendant. Having unquestioned jurisdiction of the person of the defendant, it had jurisdiction to determine the question whether the suit was commenced before or after the passage of the act of 1887, and whether the complaint stated a cause of action within the jurisdiction of the court. The erroneous decision of any or all of these questions would not affect the jurisdiction of the court over the cause. Its erroneous decision of these or other questions could be corrected by the appropriate appellate procedure in a court which by law could review the decision. Until corrected in this manner, the judgment is as valid and binding as if the record disclosed on its face a cause of action clearly within the jurisdiction of the court. It is well settled that the judgments of the United States courts rendered upon personal

service on the defendant are binding until reversed, though no jurisdiction be shown on the record. Skirving v. Insurance Co., 8 C. C. A. 241, 59 Fed. 742; Foltz v. Railway Co., 8 C. C. A. 635, 60 Fed. 316; Elder v. Mining Co., 7 C. C. A. 354, 58 Fed. 536.

Assuming, but not deciding, that the court erred in rendering a judgment on a complaint in which the plaintiff claimed less than $2,000, the appellant has mistaken his remedy to correct that error. His remedy was by writ of error, and not by a bill in chancery.

The decree of the lower court is affirmed.