CHARLES F. DAHLBORG *vs.* MAURICE WYZANSKI.

JOHN A. JOHNSON & others *vs.* SAME.

DAVID SAMPLE *vs.* SAME.

CARL H. FORSBERG & another *vs.* SAME.

Plymouth.    October 17, 1899. — December 6, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Mechanic's Lien — Consideration of Cases together — Order of Sale — Pendency of Exceptions — Distribution of Proceeds — Costs.*

Where the parties to several petitions to enforce mechanics' liens, under Pub. Sts. c. 191, are the same, although no order of consolidation is made, it is within the power of the Superior Court, upon appeal from a District Court, to consider the cases as one, and to enter an order of sale in one of the cases, and to recite in that case the names of the lienors who have established their liens in either one of the cases, and the amount due on each as established by the judgments of the lower court, from which no appeal was taken, or by the Superior Court; and separate costs are properly allowed in each case.

Where several petitions to enforce mechanics' liens under Pub. Sts. c. 191, are tried together, if exceptions taken at the trial as to one of the claims are undisposed of, the proceeds of a sale ordered upon the establishment of the liens cannot be distributed under § 28, but must be held and disposed of under § 29, making provision for cases where all the claims are not ascertained.

An order of the Superior Court for the sale of property against which a mechanic's lien is established, and an order for distribution of the proceeds under Pub. Sts. c. 191, § 28, are so far separate and distinct that the order of sale may be valid and effective although the order of distribution may be invalid, and the judgment as to one of several claims of lien considered together may be valid notwithstanding the judgment upon another may be wrong.

FOUR PETITIONS, to enforce mechanics' liens, under Pub. Sts. c. 191. From the several orders of the Superior Court, which, together with the facts, appear in the opinion, the respondent appealed to this court.

*C. B. Snow, Jr.,* for the respondent.

*E. L. Packard,* for the petitioners in the first and fourth cases.

*E. H. Fletcher*, for the petitioners in the second case.

*W. Goddard*, for the petitioner in the third case, submitted the case on a brief.

HAMMOND, J. These are four separate suits brought originally in the Second District Court of Plymouth, under Pub. Sts. c. 191, to enforce liens for labor and materials. Although the petitioners are not the same in each suit, yet by an inspection of the respective records it appears that all parties interested, including the eleven lienors, became parties to each of the suits either by appearing voluntarily or in answer to an order of notice, so that at the time of the hearing in that court there were four suits pending in which the parties were the same, and in either one of which an order could have been entered determining the rights of all parties interested in the litigation.

The court did not adopt this course, but in the case of Johnson and others passed an order establishing liens in favor of seven of the petitioners, but finding for the respondent as against Swanstrom, the remaining petitioner; and in the three other suits ordered a personal judgment in favor of the respective petitioners against Wyzanski, the respondent. These orders and judgments were entered September 23, 1898. From them the respondent appealed to the Superior Court, except that in the case of Johnson and others he appealed only from the order establishing the lien of Willen, so that the judgment against Swanstrom and in favor of the six remaining petitioners in that case stands.

We have no occasion to notice the errors of the District Court with respect to the judgments and orders appealed from, because they were vacated by the appeal.

While no order of consolidation was made by the Superior Court, it is manifest that the cases there were considered together, and as in substance one case.

The claims as to which an appeal had been taken were tried together upon issues framed, and were submitted to the same jury, who found in favor of every claimant except Willen, but as to him found for the respondent. Whereupon the court made an order in the cases of Dahlborg, Sample, Forsberg, and Blomquist, establishing their respective liens, and in the Sample case entered an order of sale and distribution. This last order recites that liens had been established in favor of certain persons there-

inafter named, for the sums set against their respective names, proceeds to name the persons, the list including all the lienors in the four cases who had succeeded in maintaining their liens; and it then directs that the property be sold by public auction by the sheriff, first giving due notice of the time and place thereof according to law.

The order further proceeds as follows: " It appearing that all the claims against said property are ascertained, and that no other proceedings are pending for the establishment of liens against the same," the officer making such sale is directed to dispose of the proceeds as provided by Pub. Sts. c. 191, § 28.

The parties being the same, we are of opinion that it was within the power of the Superior Court to consider the cases as one, and to enter the order of sale in the case in which it was entered; and also that it was within its power to recite in that case the names of the lienors who had established their liens in either one of these cases, and the amount due on each as established by the judgments of the lower court, from which no appeal was taken, or by the Superior Court.

But the respondent objects that at the time of the order of sale it was not true that the lien of Dahlborg had been established, because exceptions taken at the trial before the jury are yet undisposed of, and it does appear that there are such exceptions still pending.

It is apparent, therefore, that the proceeds of the sale cannot be distributed under Pub. Sts. c. 191, § 28, but must be held and disposed of under § 29 of that chapter, which makes provision for cases where all the claims are not ascertained.

But we think the order of sale and the order of distribution are so far separate and distinct that the order of sale may be valid and effective even although the order of distribution may be invalid; and that the judgment as to one claim may be valid notwithstanding the judgment upon another may be wrong.

We see no error in the findings and rulings of the court in the matter of allowing separate costs in each case.

The result is that the judgment of the court as to all the claims except that of Dahlborg and as to the order of sale is affirmed; but as to the claim of Dahlborg and the order of distribution it is reversed.          *So ordered.*