[No. 7391.]

EMPIRE CONSTRUCTION COMPANY V. CRAWFORD ET AL.

1. JUDGMENT—*Final—Appeal.* Action by sub-contractors to enforce a mechanic's lien. An irrigation district, and the Empire Construction Company, as owners, and one Crawford, as original contractor, and sundry other sub-contractors and material men, were named as defendants. Crawford by cross-complaint prayed judgment against the Empire Company, and demanded a lien. The Empire Company by a cross-complaint to that of Crawford, prayed judgment against Crawford. A decree was entered denying any lien against the works of the Irrigation District, but declaring that Crawford was liable to the Empire Construction Company in a sum mentioned, that these moneys were subject to a lien in favor of the sub-contractors.

The claims of certain sub-contractors were established, the construction company was directed to pay into court the moneys found to be due and owing by it to Crawford, and directions were given for the division of a portion thereof, after payment of the costs, among certain of the lien claimants. As to other lien claimants the cause was continued. Judgment was entered in favor of the construction company and against Crawford, and appeal allowed therefrom. More than a year after the entry of this decree, and more than six months after the adjournment of the term, Crawford filed a motion to vacate the judgment against him, upon the ground, among others, that no final judgment was given from which an appeal could have been taken. *Held* that under § 241 of the code made applicable to proceedings for the enforcement of a mechanic's lien, by Rev. Stat. § 4044, the separate controversy between the construction company and Crawford, all the parties to which were then before the court, was a proper subject of adjudication, and that the judgment recovered by the construction company was a final judgment, notwithstanding the continuance of the cause as to the other parties, and that an appeal lay therefrom. (287, 289)

2. ——*Vacating—Lapse of Term*. As a general rule, in the absence of a statute to the contrary, the courts have no control of their judgments after the lapse of the term at which the judgment is rendered, except to correct clerical errors, and to afford relief where fraud or the absence of jurisdiction is alleged. (290)

3. ;——*Statute Construed*. Sections 81 and 231 of the code contain the only statutory authority for granting relief against a judgment after the expiration of the term at which it is rendered.

Where the jurisdiction is unquestioned, and no fraud in obtaining the judgment is alleged, the application under § 81 must be made with reasonable diligence, and in any event within six months after the adjournment of the term. Thereafter, except for the correction of clerical errors, the court is without power to interfere, and any further action is a nullity. (290, 291)

4. PLEADING—*Waiver*. Application under § 81 of the code to vacate a judgment, presented after the lapse of more than six months from the adjournment of the term. The absence of jurisdiction in the court is not waived, either by a motion to strike off the application, or by a demurrer to the answer of the applicant, filed under leave granted pursuant to his application, nor by answering to the merits after the overruling of the demurrer. (291)

*Appeal from La Plata District Court.*—Hon. CHARLES A. PIKE, Judge.

Messrs. RITTER & BUCHANAN and Messrs. HAYT, DAWSON & WRIGHT, for appellant.

Mr. THOMAS B. STUART, Mr. CHARLES A. MURRAY and Mr. CHARLES A. JOHNSON, for appellees.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was instituted upon February 3, 1908, by J. F. and James D. Mowry, copartners, subcontractors, against W. H. Crawford as the original contractor, The Montezuma Valley Irrigation District and The Empire Construction Company as owners, or having an interest in certain canals, reservoirs, etc., and against sundry other persons, who were alleged to be subcontractors, materialmen, etc., under the original contractor, Crawford. The purpose of the suit was to secure a judgment against Crawford for services rendered and materials furnished upon, and used in, the construction of the canal and reservoirs, to have the rights of all parties determined, to have a lien upon these properties, foreclosure accordingly, etc. Numerous subcontractors and alleged lien claimants filed answers and cross complaints. On February 29th, Crawford filed a motion to make the complaint more definite. On March 9th this motion was heard, at which time Crawford was represented by attorneys Wheeler and Weiser. The motion was overruled, and he was given until March 16th to answer. On March 9th The Empire Construction Company filed its answer to the complaint, and answers to the cross complaints of sundry subcontractors. On March 12th the irrigation district filed its answer to the complaint, alleging its ownership of the property; that it was a public corporation, to-wit, an irrigation district, etc., upon account of which its property was not subject to mechanics' liens, etc. On March 16th the defendant Crawford filed his answer and cross complaint, in which he sets forth an alleged cause of action against The Empire Construction Company for work done and

materials furnished on these properties, etc., his liens, etc. He prayed for judgment against that company for about $30,000, and that it be decreed a lien, for foreclosure, etc. On March 18th the district filed its answer to his, in which, among other things, it set forth its public character account of which its property was not subject to liens, etc. On March 21st The Empire Construction Company filed its answer and cross complaint to the cross complaint of the defendant Crawford, wherein it denied liability to him, and set forth an alleged cause of action against him for damages growing out of his failure to comply with the provisions of his two contracts with it, etc. It prayed for judgment against him for $30,000, etc. Thereafter, the defendant Crawford filed sundry answers to the cross complaints of sundry subcontractors, motions to make more definite, etc. These were thereafter overruled. On April 23rd the defendant Crawford filed his replication to the answer and cross complaint of The Empire Construction Company. Sundry other pleadings and court's orders pertaining thereto followed, among which, upon May 4th, was a motion by the defendant Crawford for a continuance until the next term of court, account of the alleged absence of witnesses, and the inability of his attorneys to be present. This motion upon said date, was overruled, and the court proceeded to trial, which consumed part, if not all, of May 4th, 5th, 6th and 7th, 1908; upon which last date decree was entered, which among other things recites "The defendant, W. H. Crawford, appearing by his attorneys Wheeler and Weiser," also, "Wheeler and Weiser filed a motion for the continuance of this cause for and on behalf of the defendant, W. H. Crawford, which motion was by the court overruled."

The decree sets forth, that Crawford entered upon the construction and completion of the canals and reservoirs in question under two contracts with The Empire Construction Company; that in violation thereof he abandoned the work before completion; that at the time of this abandonment there was due him from the con-

struction company under these contracts $7,415.02, which money was subject to the liens of the subcontractors; that the property on which the work was done was impressed with the character of public property, and was not subject to liens, in so far as the title of the district was concerned, but that the money owing Crawford by the construction company grew out of, and was derived from, said property and should be held for the payment of the liens; that Crawford violated his contracts, etc., and was not entitled to recover on his cross complaints and should take nothing; that The Empire Construction Company had been damaged in the sum of $10,000 account of Crawford failing to comply with his contracts, and is entitled to have judgment against him for this amount.

The claims of about thirty subcontractors were established in the decree against Crawford, and fixed at certain amounts. Individual judgments against Crawford for these sundry amounts were inserted and decreed to be liens against the moneys in the hands of the construction company found to be owing Crawford. The decree recites that within ten days from its date The Empire Construction Company pay to the clerk the balance found due on the contracts, viz, $7,415.02, on which liens were established, etc., upon its failure so to do that judgment be entered against it for this amount as of the date of the decree; that upon the payment of this sum to the clerk, the construction company be released and discharged from all further liability upon account thereof; that upon receipt of this money the clerk pay, first, the costs of suit, second, all liens established as first-class, third, fifty-three per cent upon all liens established as second-class, and retain the balance subject to the further order of the court; that the amount of said payments be credited upon the judgments against Crawford; that as to defendants, Graham, Morrison and Brimhall, the hearing be continued until the next term. The decree also contains a judgment against Crawford, in favor of the construction company as follows, ''That

the defendant, The Empire Construction Company, have and recover of the defendant W. H. Crawford, the sum of $10,000 for which judgment is hereby rendered and let execution issue therefor.''

An appeal appears to have been allowed the defendant Crawford from this decree, amount of bond fixed, and time given for bill of exceptions, but nothing done thereunder. Upon May 17th following, the money found to be due from the construction company to Crawford was paid into court, in compliance with the terms of the decree, and it appears to have been disposed of as ordered without any exception or objection being made thereto.

Upon May 17th, 1909, at a subsequent term of court and over a year after the date of the decree, and more than six months after the adjournment of the term at which it was rendered, the defendant Crawford filed a motion to set it aside, alleging as his reasons that through misfortune and unusual hardships he was unable to be present at the trial, by himself or counsel; that both he and his attorneys were taken by surprise, and that any seeming neglect on the part of either was excusable; that the cause was not properly at issue; that a part of it was left over, and the case not fully determined; that no final judgment had been entered from which the defendant could take an appeal; that the decree was tentative only, and subject to be annulled by further action of the court; that the judgment and decree was void; that the court had no jurisdiction of the subject matter, etc.; that he was unable to apply for relief during the term at which the decree was entered and makes this application at the first opportunity, etc. This motion was supported by the affidavit of the defendant Crawford, which, among other things, states that he was without means when the suit was instituted, but engaged Wheeler and Weiser to appear for him. This is followed by sundry statements pertaining to his finances, and as to why he was not present at the time of the trial; that he was at other points where he had

secured employment. It also covers his motion for continuance which he says he anticipated would be granted, and the engagements of his counsel at other places which prevented them from being present, etc. It states that he was not advised an appeal had been allowed him, or time given for bill of exceptions, until long after the adjournment of the March 1908 term; that when he received this information he was without means to pay attorneys to go to Montezuma, or make any effort in his behalf pertaining to any suit, that account of which his attorneys withdrew from his employment, etc. The motion is also supported by the affidavit of S. N. Wheeler which states that he is of the firm of Wheeler and Weiser who were of counsel for Crawford, that they filed the motion for continuance, etc. This is followed with their alleged engagement in the preparation for the trial of another cause at another place at the time this case was being tried up to May 7th, upon which last date he states they commenced the trial of said other cause.

The construction company moved to strike this motion from the files. This motion was denied and that portion of the former decree wherein a judgment was entered in favor of the construction company against the defendant Crawford only, was set aside, and Crawford was allowed to file an amended answer and cross complaint against the construction company. The company moved to strike this; this motion was denied. A demurrer was then filed and overruled, an answer with replication and motions followed, thereafter trial was had to the court, which resulted in a judgment in favor of the defendant Crawford against The Empire Construction Company, from which this appeal is taken.

The first question necessary to consider is that of jurisdiction. It is earnestly urged that the original decree was not final; that it was wholly interlocutory and tentative; that a case marshalling liens must of necessity embrace all of them, and declare their status in one decree; that there was no judgment as between Crawford and the construction company, and that part of the

case was continued. We cannot agree with this line of reasoning when applied to the judgment in favor of the construction company against Crawford. This was the only thing that was set aside. Section 4044, R. S., being section 32 of our lien act of 1899, reads, "The provisions of the Code of Civil Procedure of the State of Colorado, in so far as the same are applicable and not in conflict with the provisions of this act, shall be observed in proceedings to establish and enforce mechanics' liens." Sections 241 and 242 Revised Code read: "241. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves." "242. In an action against several defendants, the court may, in its discretion, render judgment for or against one or more of them, allowing the action to proceed against the others whenever a several judgment is proper." It will be observed that while this action was instituted to secure a personal judgment and enforce a mechanics' lien under the lien act, the court, in its decree held that the property was not subject to liens. The correctness of this ruling has not been challenged, and as the case stood after the rendition of this decree there was no property to be sold, hence, that portion of the lien act pertaining to a foreclosure sale was not applicable. The court found in lieu thereof that there were certain funds which in equity and good conscience the subcontractors were entitled to have applied as credits upon their judgments against the defendant Crawford, and decreed that they be paid into court by the construction company. This was done, and, per the language of the decree, it was then discharged from further liability upon account thereof. This portion of the decree was not set aside and no one has made complaint concerning its being enforced, hence, its validity is not before us for determination.

In his first answer and cross complaint the defendant Crawford prayed for a judgment against the construction company in excess of $30,000; in its answer and cross complaint thereto the construction company denied liability, and set forth an alleged cause of action against Crawford for damages, account of his failing to comply with his contracts. It prayed judgment for $30,000 against him; he replied thereto, denying his liability, and reiterated his prayer for judgment against the construction company as demanded in his original cross complaint. These matters were at issue at the time Crawford filed his motion for continuance upon May 4th, and judgment was rendered thereon as above set forth in favor of the construction company May 7th, 1908. This judgment was upon a cross complaint against Crawford for damages growing out of a breach of contract between them pertaining to their contractual relation. That portion of section 477 of the Revised Code pertaining to the rules of construction for the Code in referring to the word "judgment" reads, "The word 'judgment' means all final orders, decrees and determinations in an action; also all orders upon which executions may issue." The judgment in favor of the construction company against Crawford was in the usual form; it was neither interlocutory nor tentative; it was rendered upon pleadings initiated by Crawford, and where the causes of action were at issue at the time of the trial, and in a case where the court had jurisdiction of the parties, as well as of the subject matter of the action. Under such circumstances this was a final judgment as between these parties covering the causes of action presented by their pleadings, and from which the defendant Crawford was entitled to an appeal.—*Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657; *Standley v. Hendrie Manufacturing Co.,* 25 Colo. 376, 55 Pac. 723; *New York Life Ins. Co. v. Brown,* 32 Colo. 365, 76 Pac. 799; *Marean v. Stanley,* 34 Colo. 91, 81 Pac. 759; *Eckman v. Poor,* 38 Colo. 200, 87 Pac. 1088; *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766; *Archuleta v. Archuleta,* 52 Colo. 601, 123

Pac. 821; *Forgay v. Conrad,* 6 How. 201, 12 L. Ed. 404; *Klever v. Seawall,* 65 Fed. 373, 12 C. C. A. 58; *Sharon v. Sharon,* 67 Cal. 185, 7 Pac. 456, 635, 8 Pac. 709; *Alexander v. Bates,* 127 Ala. 328, 28 South. 415; *Carter v. Caldwell,* 147 Pa. 370, 23 Atl. 575; *Dahlborg v. Wyzanski,* 175 Mass. 34, 58 N. E. 593; *Bunnell .v. Berlin Iron Bridge Co.,* 66 Conn. 24, 33 Atl. 533; *Guarantee, etc., Co. v. Philadelphia, etc., Co.,* 69 Conn. 709, 38 Atl. 792, 38 L. R. A. 804.

The judgment in favor of the construction company being final, was the court without authority to set it aside at the time it attempted to do so? As a general rule in the absence of statutory authority (jurisdiction and fraud excepted), courts have no control over their judgments after the term at which they are rendered, except to make clerical corrections, etc.—23 Cyc. 902.

Section 81, Revised Code 1908 authorizes a court to relieve a party or his legal representatives from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, and when for any cause satisfactory to the court, the party aggrieved has been unable to apply for relief during the term at which the judgment was entered, the court may grant the relief upon application, provided the same is made within six months after the adjournment of the term. Outside of this section there is no method provided for reopening a judgment after the expiration of the term, except in case of a motion for a new trial, as provided by section 231 Revised Code. The appellee does not bring himself within the provisions of this latter section, and was only entitled, it at all, to have it set aside under the provisions of section 81, *supra.* It will be observed that he makes no allegation of fraud, and the record upon which he himself relies, disproves his claim pertaining to jurisdiction. In order to be entitled to the benefits of section 81, *supra,* his application must be made within a reasonable time after the entry of the judgment, and in any event not exceeding six months after the adjournment of the term. This he did not do, and after the ex-

piration of that time, except for the purposes above noted, the court loses jurisdiction, and any other action it may attempt is a nullity.—*Exchange Bank v. Ford,* 7 Colo. 314, 3 Pac. 449; *Clark v. Perry,* 17 Colo. 56, 28 Pac. 329; *People v. District Court,* 33 Colo. 406, 80 Pac. 1065; *Morrell Hardware Co. v. Princess Co.,* 16 Colo. App. 54, 63 Pac. 807; *Newman v. Newton* (C. C.) 14 Fed. 634; *Elder v. Richmond Co.,* 58 Fed. 536, 7 C. C. A. 354.

The contention that the construction company waived this question by making a motion to strike, and also by filing its demurrer to the amended answer and cross complaint of Crawford allowed after its motion to strike his motion to set aside the judgment was overruled, and by answering to the merits after its motion to strike and demurrer were overruled, is not tenable. The question was one of jurisdiction and for this reason was not waived by pleading to the merits.—Section 61, Revised Code, 1908; *Canon City v. Manning,* 43 Colo. 144, 95 Pac. 537, 17 L. R. A. (N. S.) 272; *Diamond Rubber Co. v. Harryman,* 41 Colo. 415, 92 Pac. 922; *Car Coupler Co. v. League,* 25 Colo. 129, 54 Pac. 642.

The motion to vacate not having been filed within six months after the adjournment of the term at which the judgment was rendered, and it not containing any of the matters referred to which permits its consideration thereafter, it came too late. This makes unnecessary any consideration of the merits of the application, had the motion been made in time. The legislature has seen fit to fix a maximum time in which a litigant, under certain conditions, may be relieved from a judgment, beyond this time the courts have no right to act. For which reasons the judgment is reversed and the causes remanded with instructions to grant the motion of the construction company to strike the defendant Crawford's motion to set aside the judgment. All costs thereafter made to be taxed against the defendant Crawford.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.