## No. 11,481.

WHARTON *v.* DEVINNA, ET AL.

Decided May 10, 1926.

Action for injunction.  Judgment for plaintiffs.

*Reversed.*

*On Application for Supersedeas.*

1.  JUDGMENT—*Attack—Equity.*  Judgment in a case over which the court had jurisdiction, even if erroneous, is not subject to attack in an independent suit in equity.

2.      *Schools—Relief.*  Where a school district desired relief from a judgment which it claimed was entered through a mistake of the facts, its remedy was under section 81 of the Code, and not by an independent suit in equity.

*Error to the District Court of Saguache County, Hon. Jesse C. Wylie, Judge.*

Mr. J. D. PILCHER, Mr. CHARLES H. WOODARD, for plaintiff in error.

No appearance for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

SEPTEMBER 26, 1924, the district court of Saguache county, in a code mandamus suit brought by Samuel G. Wharton against the board of trustees of a school district of the county, under section 8338, C. L. 1921, rendered a peremptory final judgment or decree directing the school board to transport the minor child of the plaintiff Wharton to and from the schoolhouse from the

residence of the plaintiff in that school district on all regular school days. There has been no review of that judgment and no attempt by the school board in the action itself to have it modified, set aside or changed. February 10, 1925, the school board, defendant in the mandamus suit, brought a suit in equity against Wharton, the plaintiff in the mandamus suit, to enjoin the enforcement of this judgment on the ground that the plaintiff was not at the time of the judgment or during the pendency of that suit a resident of the school district in question. The complaint alleges that the school board, at the time the mandamus suit was begun, believed that Wharton was a resident of the district and, so believing, it admitted the allegation in his complaint that he was a resident thereof; that at the time the board did not have correct information as to the location of this residence, and the incorrect information was not due to any negligence on its part, but was due to the fact that it believed, and it was generally understood in that. neighborhood, that Wharton was a resident of this district and the board continued to believe so until about the 23rd of December, 1924, when it was intimated to its members that there was some uncertainty as to the dividing line between this and the adjacent district, whereupon the board procured a survey to be made of the land and had the boundary line established on the 5th of January, 1925, which line, thus established, shows that the residence of the plaintiff Wharton was not within the outer boundaries of the school district in question, and that if the judgment is allowed to stand it will be unjust and inequitable to the taxpayers of the district represented by the school board. The complaint further alleged that the board did not learn of the nonresidence of Wharton until the term of court, in which the mandamus judgment was rendered, had passed when it was too late to avail itself of the code provision for new trials upon the grounds of newly discovered evidence; that the board has no remedy at law and can be relieved from

the terms of the judgment only through the equitable jurisdiction of the court. An injunction is prayed for to enjoin the enforcement of the judgment. To this complaint the defendant Wharton filed a demurrer on the ground that the complaint did not state a cause of action, that relief, if any, was under section 81 of our code of procedure, which authorizes a court to relieve a party or his legal representative from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, and when, for any cause satisfactory to the court, the party aggrieved has been unable to apply for the relief sought during the term at which the judgment was entered the court may grant relief upon application provided the same is made within six months after the adjournment of the term. The case as made in the complaint is not one for a new trial on the ground of newly discovered evidence, but for relief under section 81 of the code, on the ground of excusable neglect or mistake.

· In *People v. District Court,* 33 Colo. 405, at page 408 (80 Pac. 1065), we held that if the ground upon which such relief is asked is within the purview of the code section, and the relief here sought is unquestionably of that nature, the act of the district court in vacating the judgment—in this case enjoining its enforcement—was without jurisdiction unless the judgment, relief from which is asked, is entirely void. *State Home v. Mulertz,* 60 Colo. 468, 154 Pac. 742; *Empire Co. v. Crawford,* 57 Colo. 281, 290, 141 Pac. 474. It needs no argument here to show that the mandamus judgment complained of was not void and no such contention is made in the complaint. It was clearly within the jurisdiction of the district court under the provision of the section of our statute above referred to and, even if erroneous, which we do not intimate, was not subject to attack in this equity action. The suit before us is an independent suit in equity, not an application made in the same case in which the judgment complained of was rendered. The time for application

to have the judgment corrected had not expired at the time the instant action was brought. The school board might have had relief, if its ground therefor was sufficient, had it filed its application in the former action, because it had full information, at the time the present suit was brought, of the facts upon which it is based before the expiration of six months from the rendition of the judgment complained of. The demurrer should have been sustained and the action dismissed. Besides there is no showing in the complaint here that the school board might not have ascertained, by the exercise of reasonable diligence, the location of the boundary line between the two school districts in question before the mandamus suit was tried. At all events, the school board itself alleges that it learned of its mistaken former belief as to the residence of Wharton within the six months' period allowed by section 81 within which to obtain relief from a judgment procured as the result thereof. It should have promptly proceeded, therefore, under the provisions of section 81 and not by an independent suit in equity to obtain relief.

The conclusion which we have reached that the judgment was wrong and cannot stand, makes it unnecessary to discuss other alleged errors committed at the trial. The school board misconceived its remedy. Its complaint failed to state a cause of action for equitable relief, and its judgment, therefore, has no foundation upon which it can rest. It follows that the judgment or decree must be, and it is, set aside and reversed and the cause is remanded with instructions to the district court to set the same aside and render, in lieu thereof, a judgment dismissing the action. Application for supersedeas denied; judgment reversed with instructions.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.